1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

| ROBERT THOMAS GUTHRIE, | |
|---|---|
| Plaintiff, | No. C15-31 RSL-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| SNOHOMISH COUNTY, | |
| Defendant. | |

Plaintiff Robert Thomas Guthrie is presently confined at the Snohomish County Jail.  On

14

January 6, 2015, he filed a civil rights complaint.  Dkt. 5.  The Court declined to serve the

15

16

complaint because it is deficient.  Instead, the Court ordered Mr. Guthrie to show cause, by the

17

filing of an amended complaint, why his complaint should not be dismissed for failure to state a

18

claim under 42 U.S.C. § 1983.  Dkt. 6.  Mr. Guthrie has until February 12, 2015 to comply with

19

20

the Court's Order.  Thus, there is no viable complaint in this matter and no Defendants have been

served.

21

Mr. Guthrie now seeks a preliminary injunction against the Snohomish County

22

23

Corrections Officer (Sigh) who is alleged to have violated Mr. Guthrie's constitutional rights

24

when she ignored his complaints for medical care.  Dkt. 10.  In this motion, Mr. Guthrie

25

describes an incident in which Officer Sigh ignores another inmate's complaints of chest pains.

26

*Id.*  Mr. Guthrie seeks a Court Order prohibiting Officer Sigh and "each of their officers, agents,

REPORT AND RECOMMENDATION - 1

employees, and all persons acting in concert or participation with them" from any contact with "inmates or potential" inmates of the Snohomish County Jail in any manner.  Mr. Guthrie supports his motion with the declaration of inmate Richard Waddington, who states that Officer Sigh is volatile and unstable.  Dkt.  10-2.

No defendants have been served with this motion.  In addition, Mr. Guthrie lacks standing to seek preliminary injunctive relief on behalf of another prisoner.  It is recommended that the motion be denied.

**DISCUSSION**

**A.      Plaintiff's Motion is Premature**

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party.  A temporary restraining order may be granted under Rule 65(b), but only if:

> 1)     specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
>
> 2)     the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

If Mr. Guthrie seeks relief from the Court, he must set forth his requests in a pleading or motion and he must serve copies of all pleadings and motions on all defendants through their counsel of record pursuant to Fed. R. Civ. P. 5(b)(1).  Pursuant to Fed. R. Civ. P. 5(d), Mr. Guthrie is also required to attach and file a certificate of service stating that he has served all defendants with the pleading and/or motion every time he files and serves a document.  As noted above, no viable complaint has been filed in this action and no potential defendant or defendants

REPORT AND RECOMMENDATION - 2

1    have been served.  The Court lacks authority to issue injunctive relief against individuals or

2    entities over whom it lacks jurisdiction.

3    **B.      Plaintiff Lacks Standing**

4           Mr. Guthrie's motion is based on the alleged treatment of another prisoner which

5    presumably, Mr. Guthrie is using as an example to support the allegations in his proposed

6    complaint.  This type of information is more aptly the subject of further discovery and evidence

7    that Mr. Guthrie may attempt to utilize later in this case.  At this juncture, however, Mr. Guthrie

8    must state a viable claim or claims against specifically named individuals before his complaint

9    can be served and before the Court can entertain further motions.

10

11          In addition, Mr. Guthrie lacks standing to seek injunctive relief based on the alleged

12   injuries of another.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Federal courts

13   have "both the power and the duty to raise the adequacy of standing *sua sponte*."  *D'Lol v. Best*

14   *Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir.2008).  Standing requires a

15   plaintiff to show (1) injury-in-fact (an actual or imminent harm that is concrete and

16   particularized), (2) causation, and (3) redressability.  *Lujan*, 504 U.S. at 560.  Injury-in-fact

17   requires a showing that a plaintiff has suffered actual loss, damage or injury, or is threatened

18   with impairment of his or her own interests.  *Gladstone Realtors v. Village of Bellwood*, 441 U.S.

19   91, 100 (1979).  Causation requires the injury to be "fairly traceable to the challenged action of

20   the defendant, and not the result of the independent action of some third party not before the

21   court."  *Lujan*, 504 U.S. at 560 (quotation omitted).  Redressability requires the injury to be

22

23   likely redressed by favorable decision.  *Lujan*, 504 U.S. at 560–561.

24          Here, Mr. Guthrie lacks standing because he has not shown he has suffered an injury-in-

25   fact.  Mr. Guthrie believes another inmate's constitutional rights are being violated by Officer

26

REPORT AND RECOMMENDATION - 3

1  Sigh because that inmate's medical needs are being ignored.  As an individual, Mr. Guthrie

2  cannot sue to assert the rights of third persons.  *See, e.g. Tileston v. Ullman,* 318 U.S. 44, 46

3  (1943) (physician cannot litigate constitutional issues on behalf of his patients).

4       Because Mr. Guthrie bases his motion for preliminary injunctive relief on the alleged

5  harm to another prisoner and makes no claim of any injury or threat of damage to himself, the

6  Court finds that he lacks standing and is unlikely to be successful on the merits.  *See, e.g., Winter*

7  *v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008) (quoting *Amoco Prod. Co. v.*

8  *Gambell*, 480 U.S. 531, 542 (1987)) (to prevail on a motion for injunctive relief, any issues

9  raised in any such motion must be related to the issues raised in the complaint and the movant

10  must establish the following:  (1) a likelihood of success on the merits, (2) a likelihood of

11  irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships

12  favoring the plaintiff, and (4) advancement of the public interest.

13                                              **CONCLUSION**

14       The undersigned recommends that the Plaintiff's motion for preliminary injunction (Dkt.

15  10) be **DENIED.**  A proposed Order accompanies this Report and Recommendation.

16       Any objections to this Recommendation must be filed no later than **Friday, February**

17  **13, 2015**.  The Clerk should note the matter for **Tuesday, February 17, 2015** as ready for the

18  Court's consideration.  Objections shall not exceed five (5) pages.  The failure to timely object

19  may affect the right to appeal.

20       DATED this 23rd day of January, 2015.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4