UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT THOMAS GUTHRIE,

           Plaintiff,

  v.

SNOHOMISH COUNTY, *et al.*,

           Defendants.

Case No. C15-31 RSL-BAT

**REPORT AND RECOMMENDATION**

In this 42 U.S.C. § 1983 civil-rights action, Mr. Guthrie names Snohomish County Jail, Dr. Stuart Andrews, Corrections Officer Sigh, and Sheriff Ty Trenary as defendants. Defendants move for dismissal of all claims against Sheriff Trenary because Mr. Guthrie has made no claim that Sheriff Trenary personally participated in any alleged violation of his constitutional rights. Dkt. 23. Mr. Guthrie did not file a response to Sheriff Trenary's motion for summary judgment.

The Court recommends that Defendants' motion be granted and Plaintiff's amended complaint dismissed with prejudice as to Sheriff Ty Trenary.

**STATEMENT OF MATERIAL FACTS**

Mr. Guthrie makes the following allegations:

> On or about June 30th 2014 I Robert Thomas Guthrie was housed in the medical housing unit at Snohomish County Corrections where I suffered what I later found out was a stroke. I was disoriented and confused. I tried to summon assistance by tapping on the window of the cell door. There was no response so I pushed the call button only to get the attention of Corrections Officer Sigh who

REPORT AND RECOMMENDATION - 1

has a long record and reputation of abusiveness towards inmates.  Officer Sigh then came to my door aggresively [sic] yelling obsenities [sic] and derogatory coments [sic] threatening me with threats of violence, solitary confinement and ordered me to "never push the call button for any reason unless I was dead or dieing" [sic].  She then slammed the cell door and stormed of [sic].  I attempted to speak with the nurse when she came to take my cellmates vital signs and officer Sigh refused to let me speak to the nurse.  This went on for a few days.  As time passed I became more affected due to having a stroke in the original confrontation.  I was moved to another housing unit on July 4th where I spent one night before the next morning I suffered another stroke while sleeping.  I reported the second stroke to the officer in my new housing unit.  It was officer Quinn and he summond [sic] a nurse to the location and I was evaluated and sent to Providence Medical Center in Everett WA where I underwent an MRI and CT scan.  They revieled [sic] the evidence of two seperate [sic] strokes and I was admitted.  Officer Sighs behavior and refusal to give me access to medical care is a violation of my 8th Amendment Rights as per the United States constitution.  Her (Officer Sigh)s Deliberate indifference to my medical emergency is also a violation of my 8th amendment civil rights as well as intenencially [sic] delaying medical care shows the general practice and customs here at Snohomish County Corrections.

Dkt. 12, at 3.

Mr. Guthrie alleges that after he was treated at the hospital for two weeks, where he received physical and brain injury therapy, he was "to continue therapy on an outpatient basis." *Id*. at 5, ln. 11.  According to Mr. Guthrie, he saw speech, physical, and occupational therapists. His speech therapist requested he see a neuro-opthamologist to correct a lazy eye, as it caused him to see double.  Mr. Guthrie alleges it took approximately six months to be seen for this condition due to Dr. "Anders" delaying his referral, as he "saw no therapudic [sic] value" in such treatment.  *Id*. at 6.

Mr. Guthrie also alleges that he suffers from venous stasis ulcers that cause him extreme pain and require frequent dressing changes.  Dkt. 12, at 5.  Although Mr. Guthrie notes he is capable of doing the dressing changes himself, he alleges that at times during his incarceration he has had to go without any dressing change supplies for as long as ten days, which he asserts puts him at a higher risk of infection and the possibility of amputation.  Mr. Guthrie alleges that

REPORT AND RECOMMENDATION - 2

1  despite frequent requests for pain medication, his requests have been denied or delayed as a

2  result of Dr. "Anders'" deliberate indifference. *Id*. at 5-6.

3       Mr. Guthrie claims $1.5 million in compensatory damages and $1.5 million in punitive

4  damages, as well as an injuction and TRO restraining Officer Sigh and Dr. Stuart "Anders."  He

5  prays for Officer Sigh and Dr. "Anders" to be "taken out of a position [sic] of having direct

6  contact with inmates or their employment to be terminated."  Mr. Guthrie also prays for all

7  present and future medical treatment related to the conditions described in his Amended

8  Complaint to be "covered" by Snohomish County.  Dkt. 12, at 7.

9       Other than including Sheriff Trenary's name in the caption, Mr. Guthrie's amended

10 complaint makes no mention of Sheriff Trenary nor does Mr. Guthrie pray for any relief as to

11 Sheriff Trenary.  Dkt. 12.  In his declaration, Sheriff Trenary states that he has no personal

12 knowledge of the events described in Mr. Guthrie's complaint.  Dkt. 24, Declaration of Ty

13 Trenary, ¶ 2.

14                              **DISCUSSION**

15      The Court shall grant summary judgment if the movant shows that there is no genuine

16 dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R.

17 Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence

18 of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d

19 1070, 1076 (9th Cir. 2001) (en banc).  "If the moving party shows the absence of a genuine issue

20 of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts'

21 that show a genuine issue for trial."  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir.

22 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The non-moving party

23 may not rely upon mere allegations or denials in the pleadings but must set forth specific facts

REPORT AND RECOMMENDATION - 3

showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). While the Court may not grant a motion for summary judgment simply because the nonmoving party failed to respond, it may grant the motion on the merits "on any ground supported by the record." *See Heinemann v. Satterburg*, 731 F.3d 914 (9th Cir. 2013).

In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations and quotation marks omitted).

Mr. Guthrie makes no allegations and offers no proof showing that Defendant Trenary personally participated in any alleged deprivation of constitutional rights, that he knew of the

REPORT AND RECOMMENDATION - 4

violations and failed to act to prevent them, or that he promulgated a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of any constitutional violation.  As Mr. Guthrie has not met his burden to state a claim for relief under § 1983 based on a theory of supervisory liability, there is no genuine issue for trial and Sheriff Trenary's motion for summary judgment should be granted.

## CONCLUSION

The Court recommends that Defendants' motion for summary judgment (Dkt. 23) be **GRANTED** and Plaintiff's claims against Defendant Trenary be **DISMISSED WITH PREJUDICE.**

Any objections to this Recommendation must be filed and served upon all parties no later than **Tuesday, April 21, 2015.**  The Clerk should note the matter for **Thursday, April 23, 2015,** as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this  30th  day of March, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge