UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT THOMAS GUTHRIE,<br><br>                Plaintiff,<br><br>  v.<br><br>SNOHOMISH COUNTY, STUART ANDREWS, C/O SIGH,<br><br>                Defendants. | No. C15-31 RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

This Court learned through the Department of Corrections (DOC) that Plaintiff Robert Thomas Guthrie died at the Washington State Penitentiary (WSP/MSU) on December 5, 2015. On November 17, 2015, the undersigned recommended that this case may be dismissed for Mr. Guthrie's failure to respond to discovery requests and for failing to otherwise prosecute his case. Dkt. 58 (R&R). Upon learning of Mr. Guthrie's death, the R&R was stayed pending compliance with Rule 25 of the Federal Rules of Civil Procedure.

**DISCUSSION**

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

REPORT AND RECOMMENDATION - 1

A statement noting the death must be served on parties in accordance with the requirements of Rule 5. Fed. R. Civ. P. 25(a)(3). Federal courts, including the Ninth Circuit, have strictly construed the service and filing requirements of Rule 25. In *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.1994), the Ninth Circuit held that Rule 25 required two affirmative steps to trigger the running of the ninety-day period. "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors of the deceased with the suggestion of death ...." *Id.* [1]

On December 21, 2015, this Court notified defendants of Mr. Guthrie's death. Dkt. 60. Counsel for Defendant Andrews contacted Mr. Guthrie's emergency contact, Patricia Guthrie, who confirmed that she was Mr. Guthrie's mother and that she would be handling his affairs. Counsel confirmed her current address, 4421 181st PL SW, in Lynwood, Washington 98037, which was the same last known address for Mr. Guthrie on file with the Snohomish County Jail. Dkt. 62, Declaration of Edward J. Hynes. Counsel for Defendants Snohomish County discovered two individuals, Lane Guthrie and Patricia Guthrie, who resided at 4421 181st PL SW by doing a reverse address search online, and arranged for both to be served with the Notice of Death (Dkt. 60) at the Lynwood address. Dkt. 66, Declaration of Katherine Bosch. Patricia Guthrie was personally served by a process server at her address on December 31, 2015, and an additional copy of the Notice of Death was left with Patricia Guthrie for Lane Guthrie, who shared the same address, in accordance with Fed. R. Civ. P. 4(e)(2)(A) and (B). *See* Dkt. 61 (Declaration of Service of Notice of Death of Party upon Lane Guthrie and Patricia Guthrie dated December 31, 2015 by Marco Ruisla, registered process server).

---

[1] In *Barlow*, the Ninth Circuit considered the version of Rule 25 that was in effect in 1994. The 2007 version does not differ in substance.

REPORT AND RECOMMENDATION - 2

The ninety-day time period of Rule 25 has elapsed and no motion for substitution has been filed by Mr. Guthrie's successor or representative. Accordingly, defendants have complied fully with the requirements of Fed. R. Civ. P. 25 and the case is now ripe for dismissal.

## CONCLUSION

The Court should dismiss this action with prejudice pursuant to Rule 25.

Any objections to this Recommendation must be filed and served upon all parties no later than **Wednesday, May 18, 2016.** The Clerk should note the matter for **Friday, May 20, 2016,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

**DATED** this 27th day of April, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3